UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MICHAEL TURNER,<br><br>         Petitioner,<br><br>vs.<br><br>ANDREW M. CUOMO,[1] Attorney General, State of New York,<br><br>         Respondent. | No. 9:07-cv-00778-JKS<br><br>DISMISSAL ORDER |

Petitioner Michael Turner, a former state prisoner proceeding pro se, filed a petition for habeas corpus relief under 28 U.S.C. 2254.  At the time he filed his petition, Turner was in the custody of the New York Department of Corrections (DOCS), incarcerated at the Franklin Correctional Facility.  Respondent filed his answer, and Turner has replied.

I.  BACKGROUND/PRIOR PROCEEDINGS

After entering a plea of guilty, Turner was convicted in the New York Supreme Court, Onondaga County of second degree robbery.  The trial court sentenced Turner to a determinate prison term of five years.  The New York Department of Corrections, applying N.Y. Penal Law § 70.45, administratively added a five-year term of post-release supervision.  Following his release from imprisonment, Turner was found to have violated the terms of his post-release supervision and was returned to DOCS custody.  Turner filed a petition under Article 70 of the N.Y. Civil Procedure Law and Rules in the New York Supreme Court, Franklin County.  The

---

[1] Andrew M. Cuomo, Attorney General for the State of New York, is substituted for Lawrence Sears, Superintendent, Franklin Correctional Facility. Fed. R. Civ. P. 25(d).

Franklin County court denied his petition, and Turner appealed to the Appellate Division, Third Department. While his appeal was pending before the Appellate Division, Turner filed his petition for relief in this Court.

## II.  GROUNDS RAISED/DEFENSES

In his petition Turner raises a single ground: that the New York Department of Corrections improperly imposed a term of supervised release in addition to his term of imprisonment. Respondent raised two affirmative defenses: (1) that the petition is untimely; and (2) Turner has failed to exhaust his state court remedies.[2]

## III.  SUBSEQUENT PROCEEDINGS

On June 18, 2009, the Appellate Division, holding that DOCS acted outside its jurisdiction in administratively imposing a period of post-release supervision, entered the following order:

> ORDERED that the judgment is reversed, on the law, without costs, petition converted to a CPLR article 78 proceeding and petition granted to the extent of annulling the determination by the Department of Correctional Services imposing a period of postrelease supervision on petitioner as well as any outstanding parole violation warrant that may be based thereon.[3]

It appears to this Court that the decision of the Appellate Division has become final, and Turner has been released from custody.[4] There being no apparent further relief that this Court may grant, this matter has been rendered moot.

---

[2] *See* Rules—Section 2254 Cases, Rule 5(b).

[3] *People ex rel. Turner v. Spears*, 882 N.Y.S.2d 330, 332 (App. Div. 2009).

[4] This Court notes that the last mail sent to Turner at his last known address was returned to the Clerk of the Court on November 9, 2009, as undeliverable, unable to forward. Docket No. 23. Turner has not filed a notice of change of address.

IV.  ORDER

**IT IS THEREFORE ORDERED THAT** the Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus is **DISMISSED** as moot.

**IT IS FURTHER ORDERED THAT** the Court declines to issue a Certificate of Appealability.[5]  Any further request for a Certificate of Appealability must be addressed to the Court of Appeals.[6]

The Clerk of the Court is to enter final judgment accordingly.

Dated:  April 8, 2010.

                                                  /s/ James K. Singleton, Jr.
                                                  JAMES K. SINGLETON, JR.
                                                  United States District Judge

---

[5] 28 U.S.C. § 2253(c); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) ("reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further") (internal quotation marks omitted).

[6] *See* Fed. R. App. P. 22(b); Second Circuit R. 22.